KEELS v. ASHWORTH. (No. 121.)

(Court of Civil Appeals of Texas. Beaumont. April 20, 1916.)

1. PARTNERSHIP ⚙═296(3)—LIABILITY OF REMAINING PARTNER ON NOTE.

On the issue of liability of a remaining partner who assumed the debts of the firm on a note executed by a withdrawing partner, whether $5.50 of the proceeds thereof was used to pay firm debts was immaterial; it appearing that the note was known by the partners at time of dissolution to be part of the firm indebtedness.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 662, 673; Dec. Dig. ⚙═296(3).]

2. PARTNERSHIP ⚙═239(1)—RETIREMENT—DISSOLUTION AGREEMENT.

A dissolution agreement obligating the remaining partner to pay all the firm debts, he was liable on a note, although signed by the partner who had withdrawn, since all but $5.50 of the proceeds of the note went to pay for a

car of flour used by the firm and the remaining partner knew of the note at the time of dissolution.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 495; Dec. Dig. ⚙═239(1).]

Appeal from District Court, Trinity County; S. W. Dean, Judge.

Action by the First National Bank of Groveton against J. C. Keels and another. Defendant R. Ashworth answered and set up a cross-action against the named defendant. From a judgment for defendant Ashworth on his cross-action, the named defendant appeals. Affirmed.

R. E. Minton, of Groveton, for appellant. Poston & Dotson, of Groveton, for appellee.

BROOKE, J.  This was a suit upon a note instituted by the First National Bank of Groveton, against J. C. Keels, appellant, and R. Ashworth, appellee, who at the time the note sued upon was executed composed a trading partnership. The note was executed in the firm name by R. Ashworth. Ashworth answered and set up a cross-action against his codefendant, Keels, alleging a partnership dissolution agreement by reason of which Keels assumed the payment of all obligations and indebtedness owing and due by the firm of Keels & Ashworth, and alleging that the note was such character of indebtedness, and asking for a judgment against his codefendant, Keels. Keels answered, denying the execution of the note by himself or by any one duly authorized by him, pleaded the want of consideration, and that said note was without the knowledge or consent of appellant, given in renewal of the note, executed by R. Ashworth individually, and further answering that, when the note sued upon was brought to his knowledge, he repudiated it. Appellant further answered that appellee, Ashworth, was given credit, as capital stock of the proceeds of the original note executed by Ashworth individually, and that said note given in the firm name was not within the contemplation of the partnership settlement, and was understood by appellant and appellee to be an individual indebtedness of R. Ashworth. Judgment was rendered in favor of plaintiff bank, against the defendants jointly and severally, and in favor of appellee, Ashworth, over against appellant. No complaint is made in this appeal of judgment in favor of plaintiff, the First National Bank of Groveton, the complaint being limited to that portion of the judgment in favor of appellee, Ashworth, against the appellant, J. C. Keels.

[1, 2] By the first assignment of error, complaint is made that the court erred in its fifth finding of fact, wherein it finds that the balance of said money so received by the said Ashworth on said note, to wit, the sum of $5.50, was used by the said Ashworth to pay other debts of the said firm of Keels &

---

Ashworth, and claiming that there was no evidence to support the said finding. The view we take of this case, we do not think it a material matter whether the finding of the court on this proposition was correct or incorrect. To say the least, it was a part of the outstanding indebtedness of the firm of Keels & Ashworth, and was known so to be at the time of the dissolution of the partnership. The articles of dissolution are substantially as follows: On the 2d day of January, A. D. 1915, Keels and Ashworth entered into a contract in writing dissolving the said partnership of Keels & Ashworth, whereby the said Ashworth bargained, sold, and delivered to the said J. C. Keels all of the goods, wares, and merchandise, furniture, accounts, and fixtures, and all property, real, personal or mixed, wheresoever situated, belonging to the firm of Keels & Ashworth, and all the interest in said property, whether real, personal, or mixed, belonging to the said R. Ashworth, and in consideration for said sale the said Keels, among other things, assumed all the obligations and indebtedness owing and due or to become owing and due of the firm of Keels & Ashworth, and said J. C. Keels agreed to bind and obligate himself to pay off and satisfy all outstanding indebtedness of said Keels & Ashworth, as said indebtedness might become due and payable, and release the said R. Ashworth from liability on account of any of the indebtedness of said firm, and agreed and bound himself to protect said R. Ashworth from liability on any indebtedness and obligation of said firm. The note sued upon by the bank was a firm debt, of said Keels & Ashworth. The larger part of said note, by the undisputed evidence, went to pay for a car of flour used by the said firm. Therefore, as said above, while the testimony is very meager and circumstantial as to what became of the $5.50, which was the excess amount in said note over that expended for the car of flour, still, for the purposes of this suit, it might be presumed, as found by the court, that the said $5.50 was used to pay other debts of the firm of Keels & Ashworth. This assignment is therefore, overruled.

By the second assignment, the action of the lower court is challenged in finding that the original note executed by Ashworth and the second note given in renewal of the first were each indebtedness of the firm of Keels & Ashworth, as between the members of the firm, and was an obligation of the firm, within the contemplation of the dissolution contract, and such as the appellant agreed to assume the payment of by such contract. There is no question that the record shows that appellant was aware, at the time of the dissolution contract, that this note, which was first given by Ashworth, and which was afterwards renewed by the signing of the firm name, was an outstanding indebtedness of the firm. The finding of the court that the same was so considered as between the members of the firm and within the contemplation of the dissolution contract is supported by the evidence. There was no pleading of any contract or special agreement between Keels and Ashworth, alleging that Ashworth agreed not to execute the note for or in the name of Keels & Ashworth, or any allegation that Ashworth had agreed not to borrow money on credit of the firm. The terms of the dissolution agreement, according to the ordinary signification of the words used therein, are broad enough to cover and include the note sued on.

The third assignment assails the action of the court below in its finding of fact, wherein it concludes that Ashworth had authority to execute the notes in question. There is no question that the said finding is correct, as a matter of law, and under the evidence in this case. The assignment is therefore overruled.

In his fourth assignment of error, it is complained that the court erred in its findings of fact, wherein it concludes that Keels assumed the payment of the debt upon which this suit was brought, and is liable therefor as between himself and Ashworth. As said above, the dissolution agreement itself supports the finding, and we see no reason, from a careful inspection of this record, that would justify us in finding otherwise. The assignment is therefore overruled.

The appellant has, indeed, filed a most able, ingenuous, and plausible brief and argument in support of his contention, but after a careful examination of the entire record, we are of opinion that the case was correctly tried, and no such error is found that would authorize us to disturb the action of the court below.

The case is, in all things affirmed; and it is so ordered.